IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| YOUSEF ALHINDI, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:24-cv-00748 |
| METROPOLIS TECHNOLOGIES, INC., a Delaware Corporation, | ) ) ) ) | Judge Campbell/Frensley |
| Defendant. | ) ) | |
| | | |
| MATTHEW PETRONE, and GREGORY ANDERSON, individually and on behalf of all others similarly situated | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:24-cv-00928 |
| METROPOLIS TECHNOLOGIES, INC., | ) ) ) | Judge Campbell/Frensley |
| Defendant. | ) ) | |

**ORDER**

**I. INTRODUCTION**

On June 19, 2024, Plaintiff Yousef Alhindi ("Mr. Alhindi") filed this action against Defendant Metropolis Technologies, Inc. ("Metropolis"), alleging that Metropolis violated the Driver's Privacy Protection Act (DPPA). Docket No. 1. Mr. Alhindi seeks damages and injunctive relief for himself, and others similarly situated, as a class representative. Docket No. 29, p. 1 (Amended Complaint).

This matter is now before the Court upon Mr. Alhindi and Metropolis's Joint Motion to Consolidate, in which both parties ask the Court to consolidate Mr. Alhindi's case with *Matthew Petrone, et al. v. Metropolis Technologies Inc.*, Case No. 3:24-cv-00928, which also asserts DPPA claims against Metropolis. Docket No. 31. The parties have also filed a supporting Memorandum of Law. Docket No. 32.

For the sake of judicial economy, Judge Campbell ordered Mr. Alhindi and Metropolis to jointly "file a notice stating whether they seek consolidation for all purposes, including class certification and trial," and whether the Mr. Alhindi will file a single consolidated complaint. Docket No. 36. Matthew Petrone and Gregory Anderson ("*Petrone* Plaintiffs") filed a Response (Docket No. 39) to the Order (Docket No. 36), proposing that consolidation for all purposes and a consolidated complaint is most appropriate for the present action. Docket No. 39, pp. 1–2. However, Mr. Alhindi and Metropolis filed a Joint Notice Regarding Consolidation wherein Mr. Alhindi requests consolidation for limited purposes, namely class discovery and class certification, while Metropolis requests consolidation for all purposes. Docket No. 40, pp. 1–2. Both parties state that a consolidated complaint is unnecessary given the collective plaintiffs "have no formal relationship." *Id.* But Metropolis "does not object to [Mr. Alhindi] and the *Petrone* plaintiffs proceeding forward with their own complaints and does not see the need for a consolidated complaint." *Id.* at 2.

Regarding lead class counsel, Mr. Alhindi asserts that his counsel intends to file a Rule 23(g) motion for appointment as interim class counsel following this order. *Id.* at 2. He further states that he seeks consolidation where his counsel acts as lead class counsel, "through class certification, and any subsequent appeals." *Id.* at 1. The *Petrone* Plaintiffs have not notified the Court whether their counsel intends to seek appointment as lead counsel.

2

For the reasons set forth below, Mr. Alhindi and Metropolis's Joint Motion (Docket No. 31) is GRANTED.

## II. LAW AND ANALYSIS

### A. Motions for Consolidation

In federal court, motions to consolidate are governed by Rule 42, which states:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Consolidation is a matter for the trial court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993), *citing Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). Cases that have a common question of law or fact can be consolidated "for the economy and convenience of the court and of the parties." *3D Enters. Contr. Corp. v. Harpeth Valley Utils. Dist.*, No. 3:05-0594, 2006 WL 8457621, 2006 U.S. Dist. LEXIS 105751, at *3 (M.D. Tenn. Oct. 11, 2006). The underlying objective of consolidation is "to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992), *quoting* 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971). Rule 42 does not require that all the claims in each case be identical to consolidate the actions. *See Guild Assocs., Inc. v. Bio-Energy (Wash.), LLC*, 309 F.R.D. 436, 440 (S.D. Ohio 2015) ("For purposes of Rule 42 consolidation, questions of law and fact need not be identical").

### B. Mr. Alhindi and Metropolis Joint Motion

All parties agree that consolidation is appropriate for Mr. Alhindi's and the *Petrone* Plaintiffs' cases. *See* Docket No. 32, p. 5; Docket No. 39, p. 2. Specifically, Mr. Alhindi and Metropolis state:

> Given that the complaints contain the same allegations, claims, and class definitions, they necessarily present several overlapping questions of law and fact, including whether the plaintiffs have standing to assert DPPA claims, whether the plaintiffs have stated plausible claims under the DPPA, whether the DPPA applies, whether the DPPA was violated by Metropolis, how the plaintiffs' information was allegedly collected and/or used by Metropolis, the plaintiffs' knowledge and/or acquiescence to any such alleged collection and/or use, whether the class definition is appropriate and the class can be certified, etc.

Docket No. 32, p. 5.

However, the parties disagree on how the Court should consolidate these actions. *See* Docket Nos. 39, 40. For instance, Mr. Alhindi requests that the Court consolidate for class discovery and class certification only, whereas Metropolis and *Petrone* Plaintiffs urge the Court to consolidate for all purposes, including trial. Docket No. 39, p. 1; Docket No. 40, p. 1–2.

In support of their Joint Motion, Mr. Alhindi and Metropolis argue for consolidation to "avoid the substantial risk of inconsistent adjudications on common issues of law and fact, to avoid duplicative recovery, and to decrease the burden and expense on the parties, witnesses, and the court, and promote judicial economy." Docket No. 32, p. 2. Due to these issues, they maintain that "there is a clear risk of inconsistent adjudication on all of the key issues that are present in both cases." *Id.* at 5. Similarly, the *Petrone* Plaintiffs assert that failure to consolidate "would create significant inefficiencies."[1] Docket No. 39, p. 2. The *Petrone* Plaintiffs argue that because

---

[1] The *Petrone* Plaintiffs specifically argue that significant inefficiencies would be created by a failure to consolidate for all purposes. Docket No. 39, p. 2.

Metropolis has two nearly identical motions to dismiss pending against both Mr. Alhindi and the *Petrone* Plaintiffs, resolving those motions separately would "strain the Court's resources." *Id.*

Upon consideration of the two cases in light of the factors set forth in *Cantrell*, the Court finds that they involve common questions of law and fact. Common questions of fact include whether the collective plaintiffs entered a Metropolis parking structure, parked in and exited the structure without paying; and whether Metropolis used the collective plaintiffs' license plate information and motor vehicle records to mail the collective plaintiffs a fine for the unpaid parking fees. Docket No. 32, p. 4; *Petrone* (Case No. 3:24-cv-00928) Docket No. 1, pp. 1–2. Whereas, common questions of law include whether these cases may be consolidated as a Rule 23 class action, and whether Metropolis violated the DPPA when it accessed motor vehicle records to mail parking fines. Docket No. 32, p. 4–5; *Petrone* (Case No. 3:24-cv-00928) Docket No. 1, pp. 1–2.

The Court further finds that consolidation for all purposes would promote the economy and convenience of the Court and of the Parties, as it will streamline discovery, Rule 23 proceedings, and motion resolutions. Despite asking the Court for consolidation for pre-trial purposes only, Mr. Alhindi does not explain why consolidation for trial is inappropriate. *See* Docket No. 40, p. 1. Because Mr. Alhindi argues that consolidation will prevent "inconsistent adjudication," requesting consolidation for pre-trial purposes only is contradictory without further support. Docket No. 32, p. 5.

Although consolidation is not joinder and will not impact the Complaints and responsive pleadings, the Court may "prescribe measures to prevent undue repetition or complication in presenting evidence or argument." Fed. R. Civ. P. 23(d)(1)(A); *see U.S. ex rel. & for Use of Tennessee Valley Auth. v. An Easement & Right-of-Way Over 1.8 Acres of Land, More or Less, in Maury Cty., Tenn.*, 682 F. Supp. 353, 355 (M.D. Tenn. 1988). Because Metropolis has pending

Motions to Dismiss (Docket No. 26; *Petrone* (Case No. 3:24-cv-00928) Docket No. 23) in both actions that must be decided on the pleadings alone, requiring a consolidated complaint will create undue repetition. *See* Fed. R. Civ. P 23(d)(1)(A). The collective plaintiffs would have to file a consolidated complaint, which will likely repeat their previous arguments and facts verbatim, while Metropolis will likely file an identical motion to dismiss. Therefore, the Court has the information necessary to rule on the pending Motions to Dismiss without creating excessive repetition and complication.

### III. CONCLUSION

For the foregoing reasons, Mr. Alhindi and Metropolis's Joint Motion (Docket No. 31) is GRANTED. This case (No. 3:24-cv-00748) and *Matthew Petrone, et al. v. Metropolis Technologies Inc.* (No. 3:24-cv-00928) will be consolidated for all purposes. However, the Parties are not required to file a consolidated complaint at this time.

IT IS SO ORDERED.

_____
Jeffery S. Frensley
United States Magistrate Judge