IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YOUSEF ALHINDI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLIS TECHNOLOGIES, INC.,<br>a Delaware Corporation<br><br>Defendant. | Case No. 3:24-CV-00748<br><br>Judge William J. Campbell, Jr.<br>Magistrate Judge Jeffery S. Frensley |

**DEFENDANT METROPOLIS TECHNOLOGIES, INC.'S
REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

## I. Plaintiff Lacks Standing Because He Cannot Establish Injury-In-Fact

Plaintiff argues he need not allege publication of his personal information to establish standing. Dkt. 54 at 9-11. But Metropolis never claimed that public exposure is a necessary element for all DPPA claims. Rather, Plaintiff **failed to allege any harm**, and thus lacks standing, because his claim is premised on a "disclosure" of his name and address to Metropolis so it could mail him a letter about his parking debt. *See* Dkt. 35 at 14.

Plaintiff next argues he has standing because his DPPA claim is like the common-law tort of invasion of privacy. Dkt. 54 at 12-13. This argument was tested, and failed, in a recent case involving a parking enforcement company. In *In re Municipal Parking Services, Inc. DPPA Litigation*, the plaintiffs received an automated parking ticket from the defendant, allegedly in violation of DPPA. No. 24-320, 2025 WL 1475794, at *1 (N.D. Fla. Feb. 12, 2025). The plaintiffs argued the alleged DPPA violation was comparable to the common law tort of invasion of privacy, and thus resulted in a concrete harm to them. *Id.* at *3. The court disagreed, however, finding that "DMV records are not a place [where] Plaintiffs had a reasonable expectation of privacy at common law." *Id.* at *4. The court thus held the "intangible harm" suffered from a bare statutory violation of DPPA was insufficient for Article III standing. Alhindi makes no allegations of concrete harm, and therefore lacks standing.

Plaintiff ignores the holding in *Municipal* and instead cites a list of distinguishable cases in which the plaintiffs alleged concrete harms. *See Heglund v. Aitkin Cnty.*, 871 F.3d 572, 576 (8th Cir. 2017) (police officer's records accessed 446 times by ex-husband to harass her); *Shambour v. Carver Cnty.*, 709 F. App'x 837, 839 (8th Cir. 2017) (officer's records accessed 59 times due to her appearance); *Engebretson v. Aitkin Cnty.*, No. 14-1435, 2016 WL 5400363, at *1, *4 (D. Minn. Sept. 26, 2016) (officer's records accessed 200 times, most after her sexual harassment lawsuit, causing her to feel unsafe); *Pichler v. UNITE*, 542 F. 3d 380, 384 (3d Cir. 2008) (door-to-door

solicitation by union); *Mulvey v. Vertafore, Inc.*, No. 21-213, 2022 WL 18635213, at *6 (N.D. Tex. Aug. 23, 2022) (plaintiff's sensitive information was sent to tens of thousands of recipients); *In re USAA Data Sec. Litig.*, 621 F. Supp. 3d 454, 466 (S.D.N.Y. 2022) (data breach of sensitive information resulted in identity theft, monetary damages, wasted time, and heightened risk of future harm). In *Hernandez v. Noom, Inc.*, the court **dismissed** the claims for lack of standing. No. 23-641, 2023 WL 8934019, at *10 (D. Md. Dec. 27, 2023).

Plaintiff next attempts to substantiate standing with conclusory allegations of emotional distress, harassment, and annoyance. Dkt. 54 at 14 (citing Dkt. 29 ¶¶ 35-37 48). Again, the cases Plaintiff cites in support of these arguments are readily distinguishable. *See Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1250 (S.D. Fla. 2019) (plaintiff received unblockable, disruptive marketing voicemails in violation of TCPA, causing aggravation and annoyance); *Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc.*, No. 16-5486, 2017 WL 733123, at *6 (N.D. Cal. Feb. 24, 2017) (TCPA claim included concrete harms including wasted time and clogging up phone lines); *Rollins v. City of Albert Lea*, No. 14-299, 2016 WL 6818940, at *13 (D. Minn. Nov. 17, 2016) (plaintiff's family researched her address numerous times against her wishes, causing emotional distress and distrust of law enforcement). Here, in contrast to the foregoing, Plaintiff's arguments about vague, non-specific, unsupported allegations fail to confer standing. *See Cantinieri v. Verisk Analytics, Inc.*, No. 21-6911, 2024 WL 5202579, at *17 (E.D.N.Y. Dec. 23, 2024) ("[T]o the extent that the Amended Complaint alleges 'emotional anguish and distress' as a result of the disclosure itself, such a 'perfunctory allegation' without any allegations explaining why the disclosure would cause such distress, 'is insufficient to plausibly allege constitutional standing.'"); *Mulvey*, 2022 WL 18635213, at *6 (holding plaintiff failed to allege facts supporting emotional distress from DPPA violation).

In *Schmalshof v. McDonough County*, the plaintiff alleged the defendant violated DPPA by accessing his personal information to harass him. No. 24-3071, 2025 WL 714359, at *4 (C.D. Ill. Mar. 5, 2025). The plaintiff alleged various forms of harassment that placed him in a false light, injured his reputation, caused him "emotional distress[,] loss of sleep, abdominal pain and other physical symptoms," and resulted in his wrongful termination. (Ex. A, *Schmalshof* Compl. ¶¶ 54, 58-60). But the court dismissed his claim, finding he failed to allege an "injury-in-fact fairly traceable to the alleged DPPA violation," because none of the harms were plausibly related to the alleged DPPA violation. 2025 WL 714359, at *4. Here too, Plaintiff cannot fairly trace any concrete harm of emotional distress, annoyance, or harassment to Metropolis's conduct.

## II. Plaintiff's DPPA Claim Fails Because He Does Not Allege an Impermissible Use

Plaintiff argues that DPPA does not permit "any legitimate business use" of DMV information and that 18 U.S.C. § 2721(b)(3) does not apply to Metropolis's use. This is another straw man; Metropolis did not contend § 2721(b)(3) applies to it, or that DPPA permits "any" legitimate business use of DMV information. Rather, Metropolis's use of Plaintiff's name and address to mail him a notice of his payment obligations for parking in its parking lot is one of the many legitimate business uses permitted under §§ 2721(b)(4) and (14) of DPPA.[1]

### A. Metropolis Used Plaintiff's Information in Anticipation of Litigation

DPPA authorizes the use of DMV information "in connection with any civil … proceeding … including [for] investigation in anticipation of litigation." 18 U.S.C. § 2721(b)(4). Metropolis's use of Plaintiff's DMV information falls within this provision. Metropolis provided Plaintiff a Notice of its dispute resolution procedure concerning his unpaid parking debt and notified him that he may "incur … legal action," such as a civil lawsuit, if he failed to timely pay or raise a dispute.

---

[1] Plaintiff's contention that Metropolis does not dispute it sent him "a communication designed to look like a government-issued citation," (Dkt. 54 at 2), is patently false. *See* Dkt. 35 at 7-8.

*See* Dkt. 29-1. The clear purposes of the Notice were relating to Metropolis's parking debt claim and the possibility of litigation to collect on that debt.

Plaintiff relies on *Maracich v. Spears*, 570 U.S. 48 (2013), to argue that Metropolis's use was not in anticipation of litigation. But *Maracich* simply stands for the proposition that § 2721(b)(4) does not permit attorneys to use DMV information to solicit prospective clients to join a lawsuit. *Id.* at 60-64.[2] *Maracich* does not change the fact that Metropolis's Notice to Plaintiff was a permitted communication in anticipation of potential litigation concerning an unpaid debt. Further, multiple courts have since held that where DMV information is obtained to collect debts or send notices in connection with parking, such use *is* in anticipation of litigation. *Senne v. Vill. of Palatine*, 784 F.3d 444, 445 (7th Cir. 2015); *Lucas v. Moore*, 412 F. Supp. 3d 749, 755 (S.D. Ohio 2019); *Buxton v. Hartin Asset Mgmt.,* 2023 WL 4861724, at *8 (W.D. Mich. July 31, 2023).

Plaintiff attempts to distinguish Metropolis's cited cases by arguing that they "all deal with formal government or administrative proceedings." Dkt. 54 at 20. But many of the cases involved private actors. *See Buxton*, 2023 WL 4861724, at *1; *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens, P.A.*, 2006 WL 8431100, at *1 (S.D. Fla. Nov. 7, 2006); *Young v. W. Pub. Corp.,* 724 F. Supp. 2d 1268, 1272 (S.D. Fla. 2010); *see also Chevaldina v. Katz*, 787 F. App'x 651, 655 (11th Cir. 2019). Moreover, the cases that involved government entities held that **both** § 2721(b)(1) (governmental function permissible use) **and** § 2721(b)(4) applied. *City of Tallahassee v. Federated Publ'ns, Inc.*, No. 11-395, 2012 WL 5407280, at *2 (N.D. Fla. Aug. 9,

---

[2] The finding was supported by facts that: (1) § 2721(b)(12) prohibits bulk solicitation; (2) bar associations and state laws treat solicitation as a discrete subject for regulation; (3) the examples of permitted uses in § 2721(b)(4) (service of process, investigation) are dissimilar to solicitation; and (4) § 2721(b)(4)'s application to highly sensitive information suggests it was not intended for solicitations. *Id.* This solicitation analysis is inapplicable to Metropolis's use here.

2012); *Lucas*, 412 F. Supp. 3d at 755; *Banks v. Dep't of Motor Vehicles for Cal.*, 419 F. Supp. 2d 1186, 1194 (C.D. Cal. 2006). Plaintiffs' purported distinctions thus lack a real difference.

  **B.**  **Metropolis' Use of Plaintiff's Information Was Authorized by Tennessee Law**

Plaintiff argues that § 2721(b)(14) does not apply to Metropolis's use, because the state law must "expressly" permit the use of DMV information. Dkt. 54 at 22. This interpretation flies in the face of the statutory text. DPPA permits the use of DMV information "[f]or any other use ***specifically authorized*** under the law of the State that holds the record, if such use is related to the operation of a motor vehicle …." 18 U.S.C. § 2721(b)(14) (emphasis added). "Specific" means "[o]f, relating to, or designating a particular or defined thing" and is broader than "express." *Specific*, Black's Law Dictionary (12th ed. 2024); *Express*, Black's Law Dictionary (12th ed. 2024) (defining "express" as "stated with directness and clarity"). "For an authorization to be 'specific,' it must be related to a *particular thing*, but it need not be *express*." *Vazant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019) (cleaned up). Congress's use of "express" in other provisions of DPPA, *e.g.*, §§ 2721(b)(11)-(12), shows it knows how to require something to be "stated with directness and clarity" when it wants to and thus it intentionally chose not to impose such a requirement in § 2721(b)(14). *See Russello v. U.S.*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section …, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). Simply put, something can be specifically authorized without express say-so.

Metropolis's Notice is implicitly authorized under state and local law as an attempt to collect parking fees owed. *See* Dkt. 35 at 23 (citing statutes). Further, Plaintiff does not dispute that Metropolis' Notice to Plaintiff was "related to the operation of a motor vehicle." 18 U.S.C. § 2721(b)(14). Metropolis's use of Plaintiff's information thus falls squarely within § 2721(b)(14).

For the foregoing reasons, and those included in Metropolis's principal motion and memorandum in support, Metropolis requests that the Court dismiss Plaintiff's First Amended Complaint.

Dated: August 13, 2025

Respectfully submitted,

By: *s/ Brigid M. Carpenter*
Brigid M. Carpenter (BPR No. 18134)
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
1600 West End Ave., Suite 2000
Nashville, Tennessee 37203
Tel: (615) 726-7341
bcarpenter@bakerdonelson.com

Melissa A. Siebert (*Pro Hac Vice*)
Corey T. Hickman (*Pro Hac Vice*)
Cozen O'Connor
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
Tel.: (312) 832-3100
msiebert@cozen.com
chickman@cozen.com

*Attorneys for Defendant Metropolis Technologies, Inc.*