YOUSEF ALHINDI, MATTHEW
PETRONE, GREGORY ANDERSON,
And BRENDAN APPEL,
individually, and on behalf of
all others similarly situated,

     Plaintiffs,

v.

                                 Case No.: 3:24-cv-00748

                                 Judge William L. Campbell, Jr.
                                 CLASS ACTION

METROPOLIS TECHNOLOGIES
INC., a Delaware corporation,

     Defendant.

_____/

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS OR, IN THE ALTERNATIVE, TO SEVER

After Plaintiffs filed a class action complaint alleging relatively narrow claims under the DPPA invoking questions common to the class and answered by Metropolis's own uniform conduct, Metropolis responds by asserting tiny debt-style counterclaims against each named Plaintiff. In doing so, Metropolis seeks to recast this case as a dispute over unpaid parking rather than the misuse of protected motor vehicle records. The Court should reject its attempt to reframe the case.

Metropolis continues to insist on its right to charge unreasonably large "Violation Fines" when drivers do not pay for parking before leaving the lot, even though those dollar amounts are not posted anywhere. Metropolis also opens its brief with a rhetorical sleight of hand: that the filing of these counterclaims itself proves Metropolis was acting "in anticipation of litigation" when it accessed Plaintiffs' protected motor-vehicle records years earlier. That is wrong.

1

Anticipation of litigation under 18 U.S.C. § 2721(b)(4) is measured at the time the records are obtained and used, not by belated counterclaims filed years later in response to a federal class action.

**A. This Court does not have supplemental jurisdiction over Metropolis's counterclaims.**

Regardless of whether the Court relies upon the Rule 13 distinction between compulsory and permissive counterclaims or employs the standard in 28 U.S.C. § 1367(a),[1] the outcome is the same: the Court does not have jurisdiction over Metropolis's state law claims. Plaintiffs have alleged that Metropolis violated federal privacy law by obtaining and using private motor-vehicle records without a lawful purpose. In contrast, the debt-collection counterclaims turn on entirely different questions: whether each individual Plaintiff parked at a particular lot, who was driving and whether they had the owner's permission to use the vehicle, what a particular sign said and whether it was visible, whether a contract was created between each Plaintiff and Metropolis, whether and how payment was attempted, whether a given lot was full, and whether the large penalties are justified under each state's laws. The federal DPPA claims and Metropolis's counterclaims share no common nucleus of operative facts; they present "entirely different legal, factual, and evidentiary questions, [and i]t is not clear that the interests of judicial economy and

---

[1] Metropolis argues that the Sixth Circuit no longer relies upon the distinction between compulsory and permissive counterclaims, citing to a district court case in support, but this is wrong. Even after the creation of 28 U.S.C. § 1367 in 1990, district courts in the Sixth Circuit continue to rely upon the distinction between compulsory and permissive counterclaims. *Sunfresh Farms, Inc. v. C.H. Robinson Co.*, No. 1:07-CV-166, 2008 WL 1902060, at *2 (E.D. Tenn. Apr. 25, 2008) ("The settled law in the . . . Sixth Circuit is a compulsory counterclaim falls within a federal court's supplemental jurisdiction while a permissive counterclaim requires an independent basis for jurisdiction"). *See also Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1100–04 (6th Cir. 2015) (applying logical-relationship test post-§ 1367 to find debt counterclaim not compulsory in federal consumer claim).

2

efficiency would be served in the least by requiring that the two claims be heard together." *Maddox v. Kentucky Fin. Co.*, 736 F.2d 380, 383 (6th Cir. 1984).

Metropolis's argument rests almost exclusively on the idea that the DPPA claims and the state law claims will overlap on whether Metropolis had a permissible purpose under the DPPA for gathering and using Plaintiffs' state motor-vehicle records. (Dkt. 88 at 8-11.) In particular, Metropolis points to the DPPA exceptions that allow the use of motor-vehicle records (a) in connection with "investigation in anticipation of litigation," 18 U.S.C. § 2721(b)(4), (b) "in connection with the operation of private toll transportation facilities." 18 U.S.C. § 2721(b)(10), or (c) as permitted by state law, 18 U.S.C. § 2721(b)(14). (Dkt. 88 at 7). But Metropolis's logic is flawed.

None of these three exemptions creates a common nucleus with the contract counterclaims. Each exemption must be resolved by reference to Metropolis's uniform data-acquisition and notice practices, *i.e.* what Metropolis did, when it accessed the records, and on what basis, rather than by individualized facts about whether each Plaintiff parked, who was driving, or what any particular sign said. The private toll exemption presents a purely legal question Plaintiffs have already addressed. (Dkt. 83 at 15-16). And the "permitted by state law" exemption asks whether state law authorizes Metropolis's use of motor-vehicle records, not whether each Plaintiff formed an enforceable contract to pay particular amounts. The federal-state divide is preserved by resolving Metropolis's uniform conduct here and leaving its individualized debt claims to state court.

Metropolis's reliance on *Cicale v. Professional Parking Mgmt. Corp.*, No. 0:24-cv-61146 (S.D. Fla. May 1, 2026), is also misplaced. *Cicale* is a non-binding order that dismissed a DPPA complaint on Article III standing grounds, not on a Rule 12(b)(6) motion to dismiss state law

3

counterclaims for lack of supplemental jurisdiction. The two cases present materially different procedural postures, and *Cicale*'s dicta about the underlying conduct do not bind this Court.

**B. Even if this Court could exercise supplemental jurisdiction over Metropolis's counterclaims, it should decline to do so.**

In the Sixth Circuit, supplemental jurisdiction is discretionary, not mandatory. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996), *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998) ("A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims."). And the statute governing supplemental jurisdiction, 28 U.S.C. § 1367, describes several situations in which a Court can decline to exercise supplemental jurisdiction, including when "there are . . . compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

Section 1367(c)(2) authorizes declining jurisdiction when state law claims substantially predominate. *See Dixson v. Supreme Touch Home Health Servs. Corp.*, No. 2:24-CV-3828, 2025 WL 2696482, at *4 (S.D. Ohio Sept. 22, 2025) (finding that counterclaims of defamation and business interference would substantially predominate over the plaintiff's wage claims under the FLSA). Unlike Metropolis's cases, Plaintiffs here dispute the very existence of the parking contract with Metropolis, which increases the amount of evidence required to prove the counterclaims. In this situation, there can be little argument that Metropolis's state law counterclaims would overwhelm the federal DPPA claims. Metropolis's response that DPPA statutory damages dwarf the counterclaims (Dkt. 88 at 14) misses the point. Permitting these counterclaims would inject individualized factual disputes (*e.g.*, over signage, duration, and assent) that the federal claims do not require and that have nothing to do with Metropolis's uniform conduct. That kind of procedural sideshow is a recognized ground for keeping state debt counterclaims out of federal consumer actions. *See Heaven v. Trust Co. Bank*, 118 F.3d 735, 738 (11th Cir. 1997).

4

**C. Metropolis's large Violation Fines are unenforceable under state law, and Metropolis does not adequately plead that Plaintiffs agreed to pay them.**

Metropolis's long penalty doctrine argument does not address the stark difference between the relatively inexpensive parking fees and the large penalties: it doesn't even try to explain why the penalties are a reasonable forecast of Metropolis's actual damages. *Garden Ridge, L.P. v. Advance Intern., Inc.,* 403 S.W.3d 432, 440 (Tex. App. 2013) (liquidated damages were an unenforceable penalty because the party imposing them did not attempt to forecast "a reasonable estimate of actual damages"). But Violation Fines of 7 or 10 times the amount of the original parking fees are quintessential penalties and therefore unenforceable. (Dkt. 83 at 7).

Metropolis's reliance on *Frankfort v. Metropolis Techs., Inc.*, 2025 WL 2994736 (N.D. Tex. Aug. 29, 2025), is misplaced. *Frankfort* is a magistrate's report and recommendation that dismissed the plaintiffs' FDCPA, TDCA, and DTPA claims against Metropolis. The court held only that a contract was formed when plaintiffs parked for purposes of the FDCPA's threshold "debt" element. *Id.* at *10–11. When the plaintiffs separately argued the Violation Fines were "unenforceable . . . as an improper penalty," the court sidestepped that question by holding only that the signs disclosed "fines" to satisfy FDCPA's "expressly authorized by agreement" element, without applying *Guiliano*, *Phillips*, or any state liquidated damages doctrine. *Id.* at *11. *Frankfort* did not adjudicate the enforceability of the Violation Fines as a contractual penalty under state law, the question presented here.

*Guiliano v. Cleo, Inc.* holds only that a liquidated damages clause need not recite a dollar figure *where the contract supplies an objective method of calculation*. 995 S.W.2d 88, 97 (Tenn. 1999). Metropolis pleads no such method, only a bare warning of "seeking a penalty" that supplies no formula, which is the very inquiry *Guiliano* requires.

*Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001), and *T.O. Stanley Boot Co. v. Bank of El Paso, Inc.,* 847 S.W.2d 218, 221 (Tex. 1992), merely articulate the Tennessee and Texas requirement that the essential terms of a contract be sufficiently definite, a requirement that applies on a Rule 12(b)(6) motion where the counterclaim must plausibly allege the contract sued upon.

Finally, *Roberts v. Boyd Sports* is inapposite: the plaintiffs there *purchased tickets* that incorporated the contested clause; assent was complete on purchase. 712 F. Supp. 3d 1062, 1064-65 (E.D. Tenn. 2024). Plaintiffs here purchased nothing.

Metropolis's equitable counterclaims fare no better: quantum meruit and unjust enrichment recover the reasonable value of parking—the fare—not a punitive surcharge.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court dismiss Metropolis's counterclaims under Rule 12(b)(6), or in the alternative, sever them under Rule 21.

Respectfully submitted this 4th day of June, 2026.

| | |
|---|---|
| By:  /s/ Mary A. Parker | BRET LUSSKIN, P.A. |
| PARKER & CROFFORD | Bret L. Lusskin, Jr., Esq. (pro hac vice) |
| Mary A. Parker | FBN: 28069 |
| TN Bar # 006016 | 1025 E. Hallandale Beach Blvd., Ste 1532 |
| 5115 Maryland Way | Hallandale Beach, FL 33009 |
| Brentwood, TN 37027 | Tel: (954) 454-5841 / Fax: (954) 454-5844 |
| (615) 244-2445 Office | blusskin@lusskinlaw.com |
| (615) 255-6037 Fax | |
| | VARNELL & WARWICK, P.A. |
| SCOTT D. OWENS, P.A. | Janet R. Varnell; FBN:  0071072 |
| Scott D. Owens, Esq., FBN: 597651 | (pro hac vice) |
| (pro hac vice) | Brian W. Warwick; FBN:  0605573 |
| 2750 N. 29TH AVE., SUITE 209A | (pro hac vice) |
| HOLLYWOOD, FLORIDA 33020 | Christopher J. Brochu; FBN: 1013897 |
| TELEPHONE: (954) 589-0588 | (pro hac vice) |
| scott@scottdowens.com | 400 N Ashley Drive, Suite 1900 |
| | Tampa, FL  33602 |
| James Gerard Stranch , IV | Telephone: (352) 753-8600 |

6

John Charles Roberts
Stranch, Jennings & Garvey, PLLC
(615) 254-8801
Fax: (615) 250-3937
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203

Strauss Borrelli PLLC
Raina C Borrelli (pro hac vice)
(872) 263-1100
Fax: (872) 263-1109
980 N Michigan Ave.
Suite 1610
Chicago, IL 60611

Facsimile: (352) 504-3301
jvarnell@vandwlaw.com
bwarwick@vandwlaw.com
cbrochu@vandwlaw.com
ckoerner@vandwlaw.com

Almeida Law Group LLC
Matthew J. Langley (pro hac vice)
849 W. Webster Ave.
Chicago, IL 60614
(708) 529-5418

Bursor & Fisher P.A.
Philip Lawrence Fraietta
Caroline C. Donovan
1330 Ave. of the Americas
32nd Floor
New York, NY 10019
(914) 874-0710

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4th, 2026, a true and exact copy of Plaintiffs' Reply in Support of Their Motion to Dismiss has been filed via electronic notice on the CM/ECF to all counsel of record.

/s/Mary A. Parker

7