YOUSEF ALHINDI, MATTHEW )
PETRONE, GREGORY ANDERSON, )
and BRENDAN APPEL, individually )
and on behalf of all others similarly )
situated, )
           )
     Plaintiffs, )    **Case No. 3:24-cv-00748**
           )    **Judge Campbell/Frensley**
v. )
           )
METROPOLIS TECHNOLOGIES, INC., )
a Delaware corporation, )
           )
     Defendant. )

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION:

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the federal Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq.*

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: This is a class action lawsuit in which Plaintiff alleges that Defendant violated the Driver's Privacy Protection Act (DPPA) by unlawfully obtaining protected personal information from state motor vehicle records to issue private parking fines or tickets. The Plaintiff claims that Defendant unlawfully obtained this information without Plaintiff's consent and used it for an impermissible purpose under the DPPA. The Plaintiff seeks damages for the unauthorized use of their personal information and further relief to prevent further violations of the DPPA.

2) DEFENDANT: DEFENDANT: Subject to further clarification through fact discovery, Plaintiffs parked at various parking facilities managed by Defendant, and Defendant did not have a record for their payment. Using its License Plate Reader technology and manual means, Defendant recorded Plaintiffs' license plates and then provided those plates to a third-party vendor, who then provided Plaintiffs' addresses to Defendant. Defendant then sent Plaintiffs letters in the mail asking them to pay for their parking. That use of their personal information, even if obtained from a DMV record, does not violate the DPPA. Defendant has brought counterclaims against the Plaintiffs seeking the money they owe to Defendant for their parking.

C. ISSUES RESOLVED: Standing as pled in the operative Complaint.

D. ISSUES STILL IN DISPUTE: Liability, damages, and class certification.

E. INITIAL DISCLOSURES:

The Parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before August 7, 2026.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:

The Parties will discuss the prospect of engaging in a formal mediation after this Court's rulings on either Party's summary judgment motions or earlier, if agreed to. Following this discussion, the Parties will file a Joint Mediation Report that informs the court whether they will be mediating and, if so, the name of the mediator and the date scheduled for the mediation. The Joint Mediation Report will be filed within 30 days of this Court's ruling on any Party's motion for summary judgment.

Defendant recognizes that this is a departure from typical practice, but because Plaintiffs' claims go to the heart of its business, Defendant cannot use alternative means to resolve this dispute until this Court rules on the applicability of the DPPA to Defendant's conduct.

G. DISCOVERY:

The Parties shall complete all written discovery and depose all fact witnesses on or before April 1, 2027, and discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the Parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Frensley.

The Parties agree that, subject to the Court's approval, and, unless specifically ordered by the Court for specific hearings, that all party/Court conferences may be conducted by phone conference or videoconference.

Local Rule 33.01 regarding interrogatories; each side " shall be limited to twenty-five (25) such interrogatories" and " [l]eave of court must be obtained to submit interrogatories in excess of twenty-five (25) in number."

H. MOTION TO AMEND OR TO ADD PARTIES:

The Parties shall file all Motions to Amend on or before November 30, 2026.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS:

Plaintiff shall identify and disclose all expert witnesses and expert reports on or before April 22, 2027, and the Defendant shall identify and disclose all expert witnesses and reports on or before July 8, 2027. Plaintiff shall identify and disclose all rebuttal expert witnesses and rebuttal expert reports on or before July 29, 2027

The Parties shall depose all expert witnesses on or before August 31, 2027.

J.  SUBSEQUENT CASE MANAGEMENT CONFERENCE:

The Parties request a subsequent case management conference shall be held telephonically in early October 2026, to address: status of discovery; prospect for settlement (including propriety of ADR); and any other appropriate matters.

K.  MOTION FOR CLASS CERTIFICATION:

A motion for class certification will be filed on or before September 24, 2027; Responses to the class certification motion shall be filed by October 22, 2027 (28 days after September 24); an optional reply may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed 25 pages without leave of Court.

L.  DISPOSITIVE MOTIONS:

The Parties shall file all dispositive motions on or before December 3, 2027; Responses to dispositive motions shall be filed by January 7, 2028; Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed 25 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the Parties, counsel and the court. Before filing a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts."

M.  ELECTRONIC DISCOVERY:

The Parties intend to reach an agreement on how to conduct electronic discovery.  Any agreement between the Parties to address the topics provided by Administrative Order No.

174-1 must be reduced to writing, signed by counsel, and, within fourteen days of the initial case management conference, either: (1) be filed as a stipulation of agreed-upon electronic discovery procedures; or, (2) if the Parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval.

N. MODIFICATION OF CASE MANAGEMENT ORDER:

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

O. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS:

Either party may apply to the Court if the Parties cannot agree, after conferring, about documents to be placed under seal.

P.  ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:

The JURY trial of this action is expected to last approximately 5 days. A trial date no earlier

than **April 20, 2028,** is respectfully requested.

It is so **ORDERED**.

_____
JEFFERY S. FRENSLEY
Magistrate Judge

APPROVED FOR ENTRY:

s/Mary A. Parker
Mary A. Parker (TN Bar #6016)
Parker & Crofford
5115 Maryland Way
Brentwood, Tennessee 37027
Tel.: 615-244-2445
Fax: 615-255-6037
mparker@parker-crofford.com

Janet R. Varnell (FL Bar #0071072)
Christopher J. Brochu (FL Bar #1013897)
Varnell & Warwick, P.A.
400 N Ashley Drive, Suite 1900
Tampa, Florida 33602
jvarnell@vandwlaw.com
cbrochu@vandwlaw.com
ckoerner@vandwlaw.com

Scott D. Owens (FL Bar #0597651)
2750 N. 29th Avenue, Suite 209A
Hollywood, Florida 33020
scott@scottdowens.com

Bret Lusskin, Jr. (FL Bar #28069)
1025 E. Hallandale Beach
Boulevard Suite 1532
Hallandale Beach, Florida 33009
blusskin@lusskinlaw.com

*Attorneys for Plaintiff Alhindi Yousef*

James Gerard Stranch , IV (TN Bar # 023045)
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
615-254-8801
Fax: 615-250-3937
gstranch@stranchlaw.com

Brittany S Scott (CA Bar # 327132)
Smith Krivoshey, PC
166 Geary Str
Ste 1500-1507
San Francisco, CA 94108
415-839-7000
brittany@skclassactions.com

Caroline C. Donovan (NY Bar # 6093124)
Bursor & Fisher, P.A.
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
646-437-6409
cdonovan@bursor.com

Philip Lawrence Fraietta (NY Bar # 5297825)
Bursor & Fisher, P.A.
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
646-837-7150
pfraietta@bursor.com

*Attorneys for Matthew Petrone*
*and Gregory Anderson*

/s/ Jonathan E. Nelson
Jonathan E. Nelson (TN BPR No. 028029)
BASS, BERRY & SIMS PLC
100 Peabody Place, Suite 1300
Memphis, Tennessee 38103
Phone: (901) 543-5900

Facsimile: (615) 742-6293
jenelson@bassberry.com

James W. Miller (TN BPR No. 040369)
BASS, BERRY & SIMS PLC
21 Platform Way South, Suite 3500
Nashville, Tennessee 37203
Phone: (615) 742-6200
Facsimile: (615) 742-6293
james.miller@bassberry.com

Suyash Agrawal (*pro hac vice*)
Christopher M. Walling (*pro hac vice*)
MASSEY & GAIL LLP
50 E. Washington Street, Suite 400
Chicago, Illinois 60602
Phone: (312) 283-1590
Facsimile: (312) 379-0467
sagrawal@masseygail.com
cwalling@masseygail.com

*Counsel for Defendant Metropolis Technologies, Inc.*