**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **YOUSEF ALHINDI, MATTHEW PETRONE, GREGORY ANDERSON, and BRENDAN APPEL, individually and on behalf of all others similarly situated,** | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 3:24-cv-00748** |
| | ) | **Chief Judge Campbell/Frensley** |
| **v.** | ) | **Jury Demand** |
| | ) | |
| **METROPOLIS TECHNOLOGIES, INC., a Delaware corporation,** | ) | |
| **Defendant.** | ) | |

**INITIAL CASE MANAGEMENT ORDER**

A. JURISDICTION: The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the federal Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq.*

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: This is a class action lawsuit in which Plaintiff alleges that Defendant violated the Driver's Privacy Protection Act (DPPA) by unlawfully obtaining protected personal information from state motor vehicle records to issue private parking fines or tickets. The Plaintiff claims that Defendant unlawfully obtained this information without Plaintiff's consent and used it for an impermissible purpose under the DPPA. The Plaintiff seeks damages for the unauthorized use of their personal information and further relief to prevent further violations of the DPPA.

2) DEFENDANT: Subject to further clarification through fact discovery, Plaintiffs parked at various parking facilities managed by Defendant, and Defendant did not have a record for their payment. Using its License Plate Reader technology and manual means, Defendant recorded Plaintiffs' license plates and then provided those plates to a third-party vendor, who then

provided Plaintiffs' addresses to Defendant. Defendant then sent Plaintiffs letters in the mail asking them to pay for their parking. That use of their personal information, even if obtained from a DMV record, does not violate the DPPA.

Defendant has brought counterclaims against the Plaintiffs seeking the money they owe to Defendant for their parking.

C. ISSUES RESOLVED: Standing as pled in the operative Complaint.

D. ISSUES STILL IN DISPUTE: Liability, damages, and class certification.

E. INITIAL DISCLOSURES: The Parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before October 7, 2026.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The Parties will discuss the prospect of engaging in a formal mediation after this Court's rulings on either Party's summary judgment motions or earlier, if agreed to. Following this discussion, the Parties will file a Joint Mediation Report that informs the court whether they will be mediating and, if so, the name of the mediator and the date scheduled for the mediation. The Joint Mediation Report will be filed within 30 days of this Court's ruling on any Party's motion for summary judgment. Defendant recognizes that this is a departure from typical practice, but because Plaintiffs' claims go to the heart of its business, Defendant cannot use alternative means to resolve this dispute until this Court rules on the applicability of the DPPA to Defendant's conduct.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **June 1, 2027**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **December 4, 2026**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for

all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s).[1] Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the judge presiding over case management by a request for a discovery conference. It will be within that judge's discretion whether to allow for the filing of discovery-related motions. All discovery disputes shall be brought to the Court's attention no later than **May 14, 2027**. In connection with any discovery conference or discovery motion, the Court may require the parties to file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is filed and is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local

Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. MOTION TO AMEND OR TO ADD PARTIES: The Parties shall file all Motions to Amend on or before **January 29, 2027**.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **June 22, 2027**, and the Defendant

[1] In submitting the proposed case management order, the parties shall not modify the requirement for an in-person meeting involving lead counsel. Should the parties seek to confer about discovery disputes in a manner other than an in-person meeting, they may do so only with leave of the Court.

shall identify and disclose all expert witnesses and reports on or before **September 8, 2027**. Plaintiff shall identify and disclose all rebuttal expert witnesses and rebuttal expert reports on or before **September 29, 2027**. The Parties shall depose all expert witnesses on or before October 29, 2027.

J. TELEPHONE STATUS CONFERENCE: A status conference shall be held telephonically on **January 20, 2027, at 9:30 a.m.**, to address: status of discovery; prospect for settlement (including propriety of ADR); and any other appropriate matters. The Parties shall call 1-855-244-8681, at the appointed time. and when prompted for the access code, enter 23139129180# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

J. MOTION FOR CLASS CERTIFICATION: A motion for class certification will be filed on or before **November 23, 2027**; Responses to the class certification motion shall be filed by **December 21, 2027** (28 days after November 23); an optional reply may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed 25 pages without leave of Court.

K. DISPOSITIVE MOTIONS: A deadline for the Parties to file all dispositive motions will be set by subsequent order. Briefs shall not exceed 25 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the Parties, counsel and the court. Before filing a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of

undisputed material facts."

L. ELECTRONIC DISCOVERY: The Parties intend to reach an agreement on how to conduct electronic discovery. Any agreement between the Parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and, within fourteen days of the initial case management conference, either: (1) be filed as a stipulation of agreed-upon electronic discovery procedures; or, (2) if the Parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. The Parties shall file a joint status report by **October 2, 2026**, if these matters have not been resolved.

M. MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS: Either party may apply to the Court if the Parties cannot agree, after conferring, about documents

to be placed under seal.

O. USE OF GENERATIVE ARTIFICIAL INTELLIGENCE. Generative artificial intelligence ("AI") platforms used by attorneys to aid in drafting court filings have been shown to produce content that may be fictitious, factually inaccurate, and legally unsound. As a result, attorneys using AI to prepare pleadings, motions, or other filings in this Court are reminded of their obligations under Fed. R. Civ. P. 11(b) and 26(g), and their ethical obligations under the applicable rules of professional conduct. "New technologies . . . are no substitute for tried-and true safeguards managed by practicing attorneys. Attorneys have an ethical obligation to verify the citations and propositions they submit to courts; that obligation reflects duties of competence and candor that apply no matter the tools attorneys use." *United States v. Farris*, 171 F. 4th 920, 923 (6th Cir. 2026).

P. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The JURY trial of this action is expected to last approximately 5 days. A trial date will be requested by later order after resolution of any class certification motion.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**