**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| YOUSEF ALHINDI, MATTHEW PETRONE, GREGORY ANDERSON, and BRENDAN APPEL, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | **Case No. 3:24-cv-00748** |
| v. | **Chief Judge William L. Campbell, Jr.**<br>**Magistrate Judge Jeffery S. Frensley** |
| METROPOLIS TECHNOLOGIES, INC., | |
| *Defendant*. | |

# AGREED PROTECTIVE ORDER

The Parties in the caption above have stipulated, and on the basis of such stipulation the Court finds good cause for entry of this Order because discovery is expected to include nonpublic business, technical, commercial, vendor, customer, payment, account, vehicle, license-plate, personal identifying, and privacy-sensitive information, including information concerning Metropolis's parking-facility operations, license-plate recognition or camera systems, enforcement practices, customer-support communications, notices, vendor relationships, and skip-trace or data-provider processes.

The Parties to this Agreed Protective Order (the "Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.** **<u>Scope.</u>** All materials produced or adduced in the course of discovery, including responses to discovery requests, interrogatory answers, requests for admission, deposition testimony and exhibits, Expert or Consultant (as defined herein) materials including reports, documents produced pursuant to subpoenas issued in connection with the above-captioned action,

and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order. This Order shall apply regardless of whether Discovery Material was produced prior to or after the entry of this Order.

**2.** **Definitions.** As used in this Order, the following terms are defined:

"Producing Party" means any Party or nonparty that produces or discloses Discovery Material in this action.

"Receiving Party" means any Party or nonparty that receives Discovery Material from a Producing Party.

"Protected Material" means any Discovery Material designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" under this Order.

"Counsel of Record" means attorneys who have appeared in this action on behalf of a Party, including their partners, associates, staff attorneys, paralegals, legal assistants, litigation-support personnel, clerical employees, contract attorneys, and outside vendors retained to assist in this litigation.

"Expert" or "Consultant" means a person retained by a Party or its counsel for purposes of this litigation to provide expert testimony, consulting services, technical assistance, or litigation support, including the person's employees or support staff who reasonably need access to Protected Material for this action, and includes individuals designated under all of Rule 26(b)(4).

"Privilege Log" means a log identifying Documents withheld or redacted on the basis of attorney-client privilege, work-product protection, or other applicable privilege or immunity.

**3.** **Confidential Information.** As used in this Order, "Confidential Information" means Discovery Material designated as "Confidential" by a Producing Party, that the Producing Party believes to fall within one or more of the following categories:

a. Information prohibited from disclosure by statute;

b. Information that reveals trade secrets;

c. Research, technical, proprietary, commercial, or financial information that the Producing Party has maintained as confidential, including, without limitation, supply agreements, financial statements, asset pricing and valuation records, and accounting records;

d. Personal financial information (such as financial or bank account numbers), sensitive or personal information which if disclosed publicly could cause harm or embarrassment, and personal identifying information;

e. Personnel or employment records of a person who is not a Party to the case;

f. Customer account information;

g. Payment histories;

h. Vehicle photographs;

i. License-plate information;

j. Notices and related mailing records;

k. Nonpublic customer-support communications;

l. Vendor contracts;

m. Skip-trace or data-provider information;

n. Internal enforcement policies;

o. Fine-calculation methodologies;

p. Nonpublic facility-specific signage records; and

q. Other nonpublic business, technical, commercial, personal, or privacy-sensitive information.

For Discovery Material produced in image format, the Producing Party shall mark the designation "Confidential" on each page that contains Confidential Information. For Discovery Material produced in native format, the Producing Party may include the designation in the file name, on a slip sheet, in production metadata, or by another reasonable method. For tangible things, the designation may be placed on the container or in a cover letter identifying the designated material.

**4.** **Highly Confidential – Attorneys' Eyes Only Information.** As used in this Order, "Highly Confidential – Attorneys' Eyes Only Information" means Discovery Material the Producing Party has designated as "Highly Confidential – Attorneys Eyes Only" that qualifies as Confidential Information and that, for good faith reasons, the Producing Party believes that disclosure of the information must be further limited beyond the disclosure of Confidential Information.

For Discovery Material produced in image format, the designation "Highly Confidential – Attorneys' Eyes Only" shall be placed on each page that contains Protected Material. For Discovery Material produced in native format, the Producing Party may include the designation in the file name, on a slip sheet, in production metadata, or by another reasonable method. For tangible things, the designation may be placed on the container or in a cover letter identifying the designated material.

**5.** **Designation.**

A Producing Party's designation of Protected Material ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") means that the Producing Party believes in good faith, upon reasonable inquiry, that the information qualifies as such.

A Producing Party's failure to designate Discovery Material as Protected Material (Confidential or Highly Confidential – Attorneys' Eyes Only) does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

A Producing Party who has designated information as Protected Material (Confidential or Highly Confidential – Attorneys' Eyes Only) may withdraw the designation by written notification to all Parties in the case.

Any nonparty that produces material in this action may designate such material as Confidential or Highly Confidential – Attorneys' Eyes Only under this order as a Producing Party, and any such designated material shall receive the same protections as material produced by a Party.

**6. Depositions.** Unless all Parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until no later than twenty-eight (28) calendar days after the transcript is delivered to the witness and all Counsel of Record (the "Designation Period"), unless a Party designates specific testimony as Highly Confidential – Attorneys' Eyes Only on the record at the deposition.

Within the Designation Period, any Party may serve a Notice of Designation to all Parties as to specific portions of the testimony that Protected Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

A party may contest the designations and justifications contained in a Notice of Designation in writing at any time until the due date for pretrial disclosures, which will be set by subsequent Court order.

**7. Protection of Confidential Information.** Protected Material that a Producing Party has designated to be Confidential Information (via the designation "Confidential," as discussed

above) shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in this section 7 for any purpose whatsoever other than in this litigation, including any appeal or possible resolution thereof. Confidential Information may not be disclosed to absent class members or putative class members, except as otherwise permitted for witnesses or potential witnesses under this Order.

Nothing in this section 7 prevents disclosure of Confidential Information to a putative or absent class member who is a witness or potential witness, to the extent reasonably necessary for testimony, investigation, preparation, or examination in this action, provided that such person may not retain Protected Material and, where required by this Order, first executes Attachment A.

The Parties and Counsel of Record (as defined below) shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in this section 7. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

a. **Counsel of Record.** Counsel for the Parties and employees of counsel who have responsibility for the action;

b. **Parties.** Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

c. **The Court and its personnel;**

d. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

e. **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

f. **Consultants and Experts.** Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A;

g. **Witnesses at depositions.** During their depositions and/or in preparation for their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

h. **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

i. **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by

persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**8.** **<u>Protection of Highly Confidential Information.</u>** Protected Material that a Producing Party has designated as Highly Confidential Information (via the designation "Highly Confidential — Attorneys Eyes Only," as discussed above) shall not be disclosed for any purpose whatsoever other than in this litigation, including any appeal or possible resolution thereof. No disclosure to a named Plaintiff, putative class member, or absent class member shall be made if the material is designated "Highly Confidential — Attorneys' Eyes Only," unless the disclosure is expressly permitted by this Order, agreed by the Producing Party, or ordered by the Court. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Highly Confidential Information to any third person or entity except those listed below in this section 8.

Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information:

a. **Counsel of Record.** Counsel for the Parties and employees of counsel who have responsibility for the action.

b. **In-House Counsel.** Counsel for the Defendant employed directly by the Defendant. Such in-house counsel shall be identified by the Receiving Party prior to that counsel's review of any Highly Confidential Information;

c. **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

d. **Consultants and Experts.** Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial

of this action but only after such persons have completed the certification contained in Attachment A;

e. **Witnesses at depositions.** During their depositions and/or in preparation for their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Highly Confidential Information. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Highly Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

f. **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

g. **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

**9.** **Inadvertent Failure to Designate.** An inadvertent failure to designate anything as Protected Material does not, standing alone, waive the right to designate the document. If a Producing Party designates a Discovery Material as Confidential or Highly Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this order. No Party shall be found to have violated this order for failing to maintain the confidentiality of Protected Material during a time when that material has not been designated

Confidential or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated.

**10.** **Logs of Privileged Information.** Each Producing Party shall serve a "Privilege Log" identifying materials withheld or redacted on the basis of attorney-client privilege, work-product protection, or other applicable privilege or immunity. To the extent that a document containing privileged or protected information can be produced in a redacted form, instead of being withheld entirely, the Producing Party shall endeavor to produce the privileged or protected document as redacted.

The Privilege Log shall identify, for each withheld or redacted item: (a) the date; (b) the author or sender; (c) all custodians; (d) all recipients; (e) file type; (f) subject line or title or filename (provided that the title itself does not contain privileged material); (g) the privilege or protection asserted; (h) Bates Number or other identifier; and (i) a description of the nature of the privileged material in such a way that will enable the other parties to assess the claim (without revealing privileged contents).

The Parties agree that they will produce privilege logs and will exchange information regarding claims of privilege and/or work product protection within 45 days of production, and in no event fewer than 45 days before the deadline by which to raise discovery disputes with the Court. Notwithstanding the foregoing, for any production made fewer than fifty-five (55) days before the deadline by which to raise discovery disputes with the Court, the Producing Party shall serve its privilege log within ten (10) days of that production. The parties will meet and confer to determine a different timeline and/or format for production of a log, if necessary.

The parties reserve the right to request additional information regarding individual documents on the privilege log.

Redactions for privileged information need not be logged if the reason for the redaction is apparent on the face of the remaining unredacted document.

Communications solely between Counsel of Record and their respective clients made after the commencement of this litigation on June 19, 2024, need not be included on a Privilege Log. A Privilege Log covering material clawed back under Section 11 shall be provided within three business days of the notice requesting the clawback.

The Receiving Party may challenge the Producing Party's claim of privilege or protection over any document at any time before the close of discovery or within twenty-eight (28) days of receipt of the Privilege Log, whichever is later. The Receiving Party must relay, in a concise form, the basis of its challenge to the Producing Party. If the Receiving Party makes such a challenge, the Parties shall meet and confer regarding the challenge. If the Producing Party wishes to revise its claim of privilege or protection, it shall do so within three days of the Parties' conference. The Parties may agree to more time.

If the Producing Party does not revise its claim, the Receiving Party may move the Court to challenge the Producing Party's designation on the grounds previously identified to the Producing Party.

**11. <u>Clawback and Effect of Production of Privileged Information.</u>** The production of any privileged information, work product, or other information protected from discovery (e.g. Personally Protected Information, common interest communications. Etc.), shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials. Upon receiving notice from the Producing Party that privileged or protected materials have been produced and requests to clawback those materials, the Receiving Party shall promptly return, destroy, or

sequester such materials. No showing of inadvertence, reasonableness, or promptness is required; the Producing Party need not follow the requirements of Federal Rule of Evidence 502(b) for the Receiving Party to return and destroy the privileged or protected material.

This provision constitutes an order and a party agreement under Federal Rules of Evidence 502(d) and (e).

Should the Receiving Party wish to contest the Producing Party's clawback of privileged or protected information, they must do so in accordance with the procedures in paragraph 10. The Receiving Party may not assert as a basis for challenge the fact of the Producing Party's production of the material.

If a Receiving Party discovers material that appears on its face to be privileged or protected, the Receiving Party must promptly notify the Producing Party and take reasonable steps to avoid further review or disclosure until the Producing Party confirms whether it asserts a privilege or protection claim.

**12. <u>Production of Materials Related to Experts.</u>** The following categories of documents and information need not be disclosed by any Party, nor be maintained or listed on any Privilege Log, and are outside the scope of permissible discovery, including deposition questions:

a. Expert-created material including crafts, notes, worksheets, work papers, memoranda, outlines, non-final calculations, modeling, or other preliminary work and analysis of the eventual final report and other final disclosures required by FRCP 26(a)(2) prepared by, for, or at the direction of a testifying expert witness or non-testifying expert consultant;

b. Any and all communications, regardless of form, and notes of communications, among and between: (i) counsel and any testifying expert

and/or any testifying expert's staff and/or supporting firms; (ii) counsel and any non-testifying expert consultant and/or any consultant's staff; (iii) any testifying expert and other testifying experts and/or other non-testifying expert consultants; (iv) testifying experts and their staff and/or supporting firms; (v) non-testifying expert consultants and their staffs; (vi) the respective staffs and/or supporting firms of testifying experts or non-testifying expert consultants and the staffs and/or supporting firms of other testifying experts or non-testifying expert consultants; (vii) Parties and any testifying expert consultant and/or their staff; and (viii) Parties and any non-testifying expert consultant and/or their staff; and

c. Any expert's or expert's firm's work product on this matter.

The protections against discovery contained in Paragraph 12 shall not apply to any communications or documents on which a testifying expert relies as a basis for any of his or her reports. For purposes of expert discovery in this matter, the term "considered" as used in Federal Rules of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be modified to read "relied upon."

**13. Redactions.** A Producing Party may redact information that it reasonably and in good faith believes is protected by an applicable privilege or other protection. The Producing Party will identify the category of the redaction on the face of the document (e.g., "Redacted — PII", "Redacted – Non-Responsive", or "Redacted — Attorney-Client Privilege").

A Producing Party who redacts information for a reason other than privilege shall produce a Responsiveness Log identifying the materials redacted contemporaneously with the production in which information was withheld. The parties will meet and confer to determine a different timeline and/or format for production of a log, if necessary.

The Responsiveness Log shall identify, for each redacted item: (a) the date; (b) the author or sender; (c) all custodians; (d) all recipients; (e) file type; (f) subject line or title or filename; (g) the protection asserted; (h) Bates Number or other identifier; and (i) a description of the nature of the redacted material in such a way that will enable the other parties to assess the claim.

The Receiving Party may challenge any redaction made for a reason other than privilege at any time before the close of discovery or within twenty-eight (28) days of receipt of the Responsiveness Log, whichever is later, using the procedure set forth in Paragraph 10 for challenges to claims of privilege. The Producing Party bears the burden of establishing that the redacted information is non-responsive or otherwise protected from discovery. A Producing Party shall not redact as non-responsive any information within a responsive document that relates to any Party's claim or defense, and the availability of confidentiality designations under this Order shall be considered in resolving any such challenge.

**14.** **Filing of Protected Material.** This Order does not, by itself, authorize the filing of any document under seal. Any Receiving Party wishing to file Protected Material in connection with a motion, brief or other submission to the Court must seek to file that document under seal under the applicable Local Rules of the Middle District of Tennessee and obtain leave of Court to file such document under seal.

**15.** **Challenges by a Party to Designation.** The designation of any Discovery Material is subject to challenge by any Party. The following procedure shall apply to any such challenge.

a. **Meet and Confer.** A Party challenging the designation of Discovery Material must do so in good faith and must begin the process by specifically notifying the Designating Party in writing and explaining the basis for its belief that the confidentiality designation was not proper and then, within

seven business days, conferring telephonically with counsel for the Designating Party. The Designating Party has five business day to review the Protected Material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.

b. **Judicial Intervention.** Either Party may bring a motion with the Court to resolve the appropriateness of the designation. The motion can only contain those grounds that were discussed in the meet and confer process, and must include a declaration that the parties met and conferred. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the Protected Material as so designated under the terms of this Order.

**16.** **<u>Use of Protected Material at Trial.</u>** This Order does not govern the admissibility of Protected Material at trial. The Parties will meet and confer in advance of trial and present a proposal to the Court.

**17.** **<u>Protected Material Produced or Used in Other Proceedings.</u>** All documents, transcripts, or other information produced or exchanged in the course of the above captioned litigation shall be used solely for the purpose of this litigation and shall not be disclosed to any person other than those allowed under the terms of this Order. If any Protected Material is sought via a request, subpoena, or order (i) issued in another civil proceeding, (ii) from any court, administrative or legislative body, or (iii) by any other person or entity purporting to have authority to request the production or disclosure, the Receiving Party to which the request, subpoena, or order is directed shall, to the extent not forbidden by applicable law and the rules and requirements of any relevant court, arbitral body, or governmental or regulatory authority, notify the designating

Party by email as soon as reasonably possible. Such notification must include a copy of the request, subpoena, or order (if applicable), and a copy of any protective order governing such proceeding (if not provided previously). To the extent permitted by law, the Receiving Party shall not produce the Protected Material before the designating Party has had a reasonable opportunity to seek protection unless the designating Party consents in writing or the Receiving Party is legally compelled to produce the material sooner. Nothing in this Order shall be construed as authorizing or requiring any Receiving Party to disobey any law, court or arbitral order, or information request or subpoena from any federal, state, or foreign governmental or regulatory agency or self-regulatory organization requiring the production of Protected Material, or as limiting the authority of this Court.

**18.** **Obligations on Conclusion of Litigation.** Unless otherwise agreed or ordered, within sixty-three days after dismissal or entry of final judgment not subject to further appeal, any Receiving Party shall, without further request or direction from the Producing Party, promptly destroy all Protected Material received from the Producing Party including, but not limited to, copies or summaries thereof, in its possession, custody or control. The Receiving Party of any shall provide the Producing Party certification of the fact of destruction of all Protected Material. The Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**19.** **NOTWITHSTANDING THE FOREGOING, COUNSEL MAY RETAIN ARCHIVAL COPIES OF PLEADINGS, MOTION PAPERS, BRIEFS, DISCOVERY REQUESTS AND RESPONSES, CORRESPONDENCE, DEPOSITION AND HEARING TRANSCRIPTS, DEPOSITION AND TRIAL EXHIBITS, EXPERT REPORTS AND MATERIALS, LEGAL MEMORANDA, ATTORNEY WORK PRODUCT, AND OTHER MATERIALS REASONABLY MAINTAINED AS PART OF COUNSEL'S LITIGATION**

**FILE. ANY RETAINED MATERIAL CONTAINING PROTECTED MATERIAL SHALL REMAIN SUBJECT TO THIS ORDER.**

**20.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party.

**21.** **Reservation of Rights.** Nothing in this Order prevents a Producing Party from seeking additional protections for particular material, including restrictions beyond "Highly Confidential — Attorneys' Eyes Only" treatment. Nothing in this Order prevents a Receiving Party from seeking relief from any restriction imposed by this Order.

**22.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**23.** **FRE 502(d) Directive.** For the avoidance of all doubt, this Order and the provisions above constitute a "Court Order" regarding waiver under Fed. R. Evid. 502(d).

JEFFERY S. FRENSLEY
**United States Magistrate Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE**

| | |
|---|---|
| YOUSEF ALHINDI, MATTHEW PETRONE, GREGORY ANDERSON, and BRENDAN APPEL, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>METROPOLIS TECHNOLOGIES, INC.,<br><br>*Defendant*. | **Case No. 3:24-cv-00748**<br>**Judge Campbell**<br>**Judge Frensley** |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Tennessee in matters relating to the Agreed Protective Order and understands that the terms of the Agreed Protective Order obligate him/her to use Highly Confidential and Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Material to any other person, firm or concern under penalties for contempt of court.

Signature: ________________________________

Name: ________________________________

Address: ________________________________

Date: ________________________________