IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **YOUSEF ALHINDI, MATTHEW PETRONE, GREGORY ANDERSON, and BRENDAN APPEL, individually and on behalf of all others similarly situated,** | ) | |
| **Plaintiffs,** | ) | **No. 3:24-cv-00748** |
| **v.** | ) | **JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE FRENSLEY** |
| **METROPOLIS TECHNOLOGIES, INC.,** | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is Plaintiffs' motion to dismiss Defendant's counterclaims for lack of supplemental jurisdiction, which is fully briefed. (*See* Doc. Nos. 88, 89). For the reasons stated herein, the motion is **GRANTED** and Defendant's counterclaims are **DISMISSED** without prejudice for lack of jurisdiction.

## I. BACKGROUND

Plaintiffs bring claims against Metropolis for its alleged noncompliance with the federal Driver's Privacy Protection Act, 18 U.S.C § 2721, *et seq.*, which prohibits persons, such as Metropolis, from accessing or disclosing personal information from a motor vehicle record for any use not permitted under Section 2721(b) of the Act. The conduct at issue in Plaintiffs' claims is Metropolis's access and use of Plaintiffs' personal information from their respective motor vehicle records. The Court has original jurisdiction over Plaintiffs' claims under 18 U.S.C. § 2724(a) and 28 U.S.C. § 1331 because the claims arise from a federal statute. Metropolis filed an Answer and Counterclaims. (Doc. No. 86). The Counterclaims are three state law claims against the named

Plaintiffs for breach of contract, unjust enrichment, and *in quantum meruit* for failure to pay for parking at its facilities. The conduct at issue in Metropolis's counterclaims is Plaintiffs' alleged failure to pay Metropolis for parking. The Court does not have original jurisdiction over the counterclaims because they arise under state law and the parties in this action are not diverse.

## II. STANDARD OF REVIEW

"The Court has supplemental jurisdiction over claims that do not fall within its original jurisdiction but 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Ammons v. Ally Financial, Inc.*, 305 F.Supp.3d 818, 820–21 (M.D. Tenn. 2018) (quoting 28 U.S.C. § 1367(a), and citing Fed. R. Civ. P. 13 (providing for counterclaims that "arise[ ] out of the transaction or occurrence that is the subject matter of the opposing party's claim")). "The Sixth Circuit has interpreted this rule to require that the claims over which a court asserts original and supplemental jurisdiction must derive from 'a common nucleus of operative fact.'" *Id.* at 821 (quoting *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002), and citing *White v. Cnty. of Newberry*, S.C., 985 F.2d 168, 172 (4th Cir. 1993) (recognizing that claims form part of same case or controversy if they "revolve around a central fact pattern")) and *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725(1966) (same)).

## III. ANALYSIS

Through their pending motion, Plaintiffs argue the Court lacks supplemental jurisdiction over Metropolis's counterclaims because they do not share a common nucleus of operative fact with their federal privacy class action. In support, Plaintiffs cite *Maddox v. Kentucky Finance Co.*, where the Sixth Circuit held that even where a debt counterclaim arises from the same transaction, "within the literal terms of Rule 13(a)," it is not logically related to the federal claim where the

two "will present entirely different legal, factual, and evidentiary questions." (*See* Doc. No. 87 at 4 (quoting 736 F.2d 380, 382-83 (6th Cir. 1984)). Plaintiffs argue the Sixth Circuit reaffirmed that rule in *Bauman v. Bank of America, N.A.*, where it held that a debt collection counterclaim is not logically related to a federal consumer claim where the two claims raised "different issues of law" and the factual questions were not "largely the same." (*See id.* (quoting 808 F.3d 1097, 1100-4 (6th Cir. 2015)). Plaintiffs submit that the present case falls squarely within *Maddox* because the conduct at issue in their claims is Metropolis's access and use of Plaintiffs' personal information from their respective motor vehicle records whereas the conduct at issue in Metropolis's counterclaims is Plaintiffs' alleged failure to pay Metropolis for parking.

Additionally, Plaintiffs note that their claims turn on whether Metropolis lawfully obtained and used protected motor vehicle records and whether its notice practices comply with federal law in contrast to Metropolis's counterclaims that turn on: whether each individual parked at a particular parking lot, who was driving, what a particular sign said and whether it was visible, whether and how payment was attempted, and whether a given lot was full. Plaintiffs submit that their claims present entirely different legal, factual, and evidentiary questions and that nothing in their complaint puts the payment of any individual parking fare at issue.

In its response, Metropolis submits that its counterclaims share a common nucleus of operative fact with Plaintiffs' federal privacy class action because Plaintiffs' use of its parking lots *led* to Plaintiffs' claims and is *conduct at issue* in Metropolis's state law debt collection claims. (*See* Doc. No. 88 at 7). In doing so, Metropolis implicitly concedes that Plaintiffs' use of its parking lots is not the conduct at issue in Plaintiffs' federal privacy class action. Next, Metropolis suggests there will be an overlap of proof due to a factual dispute about why it accessed and used Plaintiffs' personal information from their respective motor vehicle records. (*See id.* at 8). Notably,

Metropolis does not argue that its counterclaims and Plaintiffs' federal statutory consumer claim raise any of the same issues of law or that the factual questions are "largely the same." Finally, Metropolis argues *Maddox* and *Bauman* are irrelevant because they concerned different consumer protection statutes than the one in the present case. (*See id*. at 10-11 ("Metropolis agrees that a TILA claim may not overlap with a debt claim, but that conclusion does not say anything about whether Plaintiffs' DPPA claim here overlaps with Metropolis's claims against them for failing to pay for parking" and "although the *Bauman* court cited *Maddox*, its analysis is bound up with the particular facts and law of the case")). Metropolis cites no caselaw where a court has adopted its position that its counterclaims warrant supplemental jurisdiction because both it and Plaintiffs' claims stem from Plaintiffs' use of its parking lots.

The Court finds that Metropolis has failed to establish that supplemental jurisdiction exists based on a common nucleus of operative fact. Although Metropolis's counterclaims may have been motivated by Plaintiffs' use of its parking lots, the Court finds that Metropolis's debt collection counterclaims are merely tangential to Plaintiffs' federal privacy class action. The Court's decision is guided by the reasoning of *Maddox* and *Bauman*, as well by *Ammons v. Ally Financial, Inc.*, 305 F.Supp.3d 818, 820–23 (M.D. Tenn. 2018).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to dismiss (Doc. No. 87) is **GRANTED** and Defendant's counterclaims are dismissed without prejudice for lack of jurisdiction.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE



Case 3:24-cv-00748 Document 103 Filed 10/30/26 Page 4 of 4 PageID #: 809